UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

IVAN HORTUA, on his own behalf
and others similarly situated,

     Plaintiff,

v.

INVERSIONES EL ATICO INC., a Florida Corporation,
and CAROLINA LEON PULGARIN, individually,

     Defendants.

_____/

## COMPLAINT

Plaintiff, IVAN HORTUA, on behalf of himself and other similarly situated employees, sue Defendants, INVERSIONES EL ATICO INC., a Florida Corporation, and CAROLINA LEON PULGARIN, individually, for failing to pay minimum and overtime wages to all servers/waitpersons, however variously titled, pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA"), the Florida Minimum Wage Act, Florida Statutes §448.110, and Fla. Const. Art. X §24.

1. Plaintiff, IVAN HORTUA[1] ("Plaintiff"), is an individual residing in Palm Beach County, Florida, and is *sui juris*.

2. Defendant, INVERSIONES EL ATICO INC., is a Florida Corporation that at all times material to this Complaint has owned and operated a restaurant located at 1313 W. Boynton Beach Boulevard, Boynton Beach, Florida 33426 in Palm Beach County, within the jurisdiction of this Court.

---

[1] Attached hereto is a signed Consent to Join by IVAN HORTUA.

3.     Defendant, CAROLINA LEON PULGARIN, has at all times material to this Complaint owned and managed/operated INVERSIONES EL ATICO INC. and regularly exercised the authority to hire and fire Plaintiff and other employees, determined the manner in which Plaintiff and other employees are compensated, determined the hours Plaintiff and other employees were required to work, set the rates of pay of Plaintiff and other employees, and controlled the finances and operations of INVERSIONES EL ATICO INC.  By virtue of such control and authority, CAROLINA LEON PULGARIN is an employer of Plaintiff and other employees within meaning of the FLSA, 29 U.S.C. § 203(d), Florida Statutes §448.101(3) and §448.110.

4.     The acts complained of herein were committed in Palm Beach County, Florida.

5.     Between approximately August 2015 and December 2019, Plaintiff worked for Defendants as a server, while Plaintiff was also referred to at times by Defendants as a manager, at Defendants' restaurant in Boynton Beach, Florida.

6.     The proposed class members of servers, however variously titled, have worked for Defendants without being paid (a) at least the minimum wage required by law during any work weeks within the last five (5) years between July 2016 and the present; and (b) time and one-half wages for their hours worked in excess of Forty (40) hours per week within the last three (3) years between July 2018 and the present.

7.     Plaintiff and the proposed class members were subjected to the same violations of the FLSA, Florida Minimum Wage Act, Florida Statutes §448.110, and Fla. Const. Art. X §24. More specifically, during one or more work weeks within the applicable statutes of limitations period, Defendants have failed to pay the minimum wage for each and every hour worked

pursuant to the FLSA, Florida Minimum Wage Act and Article X, Section 24 of the Florida Constitution.

8.     In this regard, while Defendants seemingly attempted to claim a tip-credit, based upon information and belief, Defendants have failed to pay servers at the applicable minimum wage rate(s) required by Florida law of: (a) $8.05/hour in 2016; (b) $8.10/hour in 2017; (c) $8.25/hour in 2018; (d) $8.46/hour in 2019; (e) $8.56/hour in 2020; and (f) $8.65/hour in 2021.

9.     Throughout Plaintiff's employment with Defendants during the FLSA's statute of limitations period between July 2018 and December 2019, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendants failed to pay Plaintiff time and one-half of Plaintiff's applicable regular rates of pay for all of Plaintiff's actual overtime hours worked each week.

10.    Likewise, the other employees of Defendants who are similarly situated to Plaintiff regularly worked as non-exempt servers, however variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the FLSA's statute of limitations period between July 2018 and the present.

11.    Plaintiff and the proposed class members of the FLSA collective herein were subjected to the same violations of the FLSA.   The class of similarly situated employees, potential class members sought to be certified in the FLSA collective under 29 U.S.C. §216(b) is defined as:

> **"All persons who worked for Defendants as servers, however variously titled, during the three (3) years preceding this lawsuit relating back to July 2018 who were not paid as required by the FLSA (a) at least the full minimum wage for each hour worked; and (b) time and one-half of the full minimum wage for each hour worked in excess of Forty (40) hours per week,"**

with the precise size and the identity of the FLSA Class ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

12.     Plaintiff also seeks class certification under Fed. R. Civ. P. 23 of the following state law class under Florida law:

> **"All persons who worked for Defendants as servers, however variously titled, during any work weeks within the five (5) years preceding this lawsuit relating back to July 2016 who were not paid at least the full minimum wage pursuant to Fla. Sta. §448.10 and Fla. Const. Art. X §24(c) for each hour worked."**

## Jurisdiction & Venue

13.     This action is brought under the FLSA and Florida law to recover from Defendants minimum and overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

14.     This Court has jurisdiction over the claims of Plaintiff and the other similarly situated servers of Defendants pursuant to 28 U.S.C. §1331 and the FLSA, and supplemental jurisdiction over Plaintiff's Florida Constitution claim pursuant to 28 U.S.C. §1367 because the acts and omissions that give rise to the FLSA claims herein are the same acts and omissions that give rise to the Florida Constitution claims herein.

15.     This Court has jurisdiction and venue over this complaint as Plaintiff resides in this District, and each of Defendants' violations of the FLSA and Florida Constitution complained of took place in Palm Beach County, Florida.

## General Factual Allegations

16.     At all times material to this Complaint, Defendants paid Plaintiff and other similarly situated servers pursuant to a "tip credit" method, meaning at an hourly rate of the minimum wage minus some form of a purported tip credit despite Defendants' failure to meet the "tip credit" requirements under the law.

17.     Plaintiff and those similarly situated to him have worked as servers/waitpersons and were entitled under Florida law to be paid by Defendants at the minimum rate(s) of: (a)

$8.05/hour in 2016; (b) $8.10/hour in 2017; (c) $8.25/hour in 2018; (d) $8.46/hour in 2019; (e) $8.56/hour in 2020; and (f) $8.65/hour in 2021 for each and every hour worked within the past five (5) years.

18.     At all material times material to this Complaint during one or more work weeks within the last five (5) years, Defendants utilized an unlawful tip policy/practice, claimed some form of a tip-credit and failed to pay the minimum wage for each and every hour worked to the Plaintiff and other similarly situated servers for the hours they worked each week for Defendants.

19.     More specifically, during the statute of limitations period, Plaintiff regularly worked an average of Five (5) days per week for Defendants as a server, and at times was also referred to by Defendants as a manager, between July 2016 and December 2019 with hours on Sunday, Monday, Tuesday, Wednesday, and Thursday  with shifts that typically ranged between approximately 12:00 p.m. and 11:00 p.m., averaging approximately Fifty-Five (55) hours per week, all while Defendants utilized an unlawful tip policy/practice without paying the full minimum wages required by law for each and every hour worked for Defendants or time and one-half wages for all of Plaintiff's actual hours worked in excess of Forty (40) hours per week, such that if Plaintiff is owed: (a) unpaid minimum wages from an average of approximately 55 hours per week during approximately 173 work weeks between July 2016 and December 2019 for which the full minimum wages required by law were not paid by Defendants—and Plaintiff was instead paid based upon a rate of approximately $5.03/hour for which he is owed $3.02/hour in 2016 [$8.05/hour-$5.03/hour in 2016 = $3.02/hour], $3.07/hour in 2017 [$8.10/hour-$5.03/hour in 2017 = $3.07/hour], $3.22/hour in 2018 [$8.25/hour-$5.03/hour in 2018 = $3.22/hour], and $3.43/hour in 2019 [$8.46/hour-$5.03/hour in 2019 = $3.43/hour], Plaintiff's

unpaid minimum wages total approximately **$30,716.40** [2016: $3,986.40 + 2017: $8,442.50 + 2018: $8,855.00 + 2019: $9,432.50]; and (b) unpaid overtime wages from an average of 15 overtime hours per week during approximately 74 work weeks between July 2018 and December 2019 for which Defendants paid Plaintiff straight-time wages ***in cash*** at the rate of $5.03/hour for his hours worked in excess of Forty (40) hours per week, Plaintiff's unpaid overtime wages total approximately **$8,389.20** [(2018: Time & One-Half Rate of $12.38/hour-$5.03/hour = $7.35/hour x 15 OT hours/week x 24 weeks = $2,644.20) + (2019: Time & One-Half Rate of $12.69/hour-$5.03/hour = $7.66/hour x 15 OT hours/week x 50 weeks = $5,745.00) = $8,389.20].

20.     At all times material to this Complaint including 2016, 2017, 2018, 2019, 2020, and 2021, INVERSIONES EL ATICO INC. was engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, Florida Minimum Wage Act, and Florida Statutes §448.110(6).

21.     At all times material to this Complaint including 2016, 2017, 2018, 2019, 2020, and 2021, the annual gross sales volume of INVERSIONES EL ATICO INC. was in excess of $500,000.00 per annum.

22.     At all times material to this Complaint including but not necessarily limited to during the years 2016, 2017, 2018, 2019, 2020, and 2021, INVERSIONES EL ATICO INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, INVERSIONES EL ATICO INC. has employed two (2) or more employees who, *inter alia:*  (a) regularly handled and worked on kitchen and commercial equipment—

including but not limited to a refrigerator and freezer, oven and grill—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with food, beverages, and alcohol—including but not limited to cheese, chicken, steak, sausage, eggs, pork, fish, coffee, milk, juice, and soda—that were goods and/or materials moved in or produced for commerce; and (c) regularly processed credit card transactions for payments by and for Defendants' customers through banks and merchant services for credit card companies such as Visa, Mastercard, and/or American Express.

23.     At all times material to this Complaint including but not necessarily limited to during the years 2016, 2017, 2018, 2019, 2020, and 2021, INVERSIONES EL ATICO INC. has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by law.

24.     At all times material to this Complaint including but not necessarily limited to during the years 2013, 2014, 2015, 2016, 20117 and 2018, INVERSIONES EL ATICO INC. employees ran credit card and/or debit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in interstate commerce on a daily basis.

25.     At all times material to this Complaint, Plaintiff and other similarly situated servers were employees of Defendants within the meaning of Florida Statutes §448.101(2) and §448.110.

26.     At all times material to this Complaint, Defendants were employers of Plaintiff and the other similarly situated servers within the meaning of Florida Statutes §448.101(3) and §448.110.

27.     Defendants controlled and/or were responsible for the work of class members.

28.     Plaintiff and all similarly situated employees did a specific job for Defendants, namely serving food and drinks, which was and is an integral part of the restaurant business of Defendants.

29.     At all material times material hereto to this Complaint, Defendants were subject to the Florida Constitution's provisions on minimum wages.

30.     During the statute of limitations period, Defendants have the Plaintiff and dozens of other servers at Defendants' restaurant in Boynton Beach, Florida.

31.     Plaintiff and the class members worked for Defendants within the State of Florida without being paid at least the full minimum wage for all hours worked due to Defendants' illegal policy and practice, such as Defendants' taking the tip-credit and not paying the Plaintiff and other similarly servers at the minimum wage required pursuant to the Florida Minimum Wage Act and Article X, Section 24 of the Florida Constitution, for each and every worked for Defendant during one or more work weeks within the past five (5) years despite Defendants' failure to comply with the requirements to get the benefit of the tip credit.

32.     For the foregoing reasons, Defendants have violated and continue to violate the FLSA, Florida Minimum Wage Act and Florida Constitution's provisions on minimum wages.

33.     As a result of Defendants' common policy, Plaintiff and each similarly situated server is entitled to receive the difference between the minimum wage owed and the tipped minimum wage paid, which based upon information and belief and subject to discovery, is estimated to be calculated as follows: $3.02/hour in 2016 [$8.05/hour-$5.03/hour in 2016 = $3.02/hour], $3.07/hour in 2017 [$8.10/hour-$5.03/hour in 2017 = $3.07/hour], $3.22/hour in 2018 [$8.25/hour-$5.03/hour in 2018 = $3.22/hour], $3.43/hour in 2019 [$8.46/hour-$5.03/hour

in 2019 = \$3.43/hour], \$3.53/hour in 2020 [\$8.56/hour-\$5.03/hour in 2020 = \$3.53/hour, and \$3.62/hour in 2021 [\$8.65/hour-\$5.03/hour in 2021 = \$3.62/hour, as well as the amount of any tips unlawfully retained by Defendants.

34.     The additional persons who may become plaintiffs in this action are employees who are similarly situated to Plaintiff (i.e. servers, waitpersons, however variously titled) in that they customarily and regularly received tips from and interacted with Defendants' customers and who suffered from the same pay practice of being paid less than the full minimum wage required by law.

35.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated servers are in the possession and custody of Defendants.

### Collective/Class Factual Allegations

36.     Class members are treated equally by Defendants.  Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

37.     Defendants subjected class members to the same illegal practice and policy by forcing the class members to work without payment at the rate of the full minimum wage required by the law.

38.     Based upon information and belief, Defendants have employed over Fifty (50) class members who were paid pursuant to a tip credit within the past five (5) years. The exact number of members of each class can be determined by reviewing Defendants' records.

39.     Defendants have paid class members in the same manner as Plaintiff by, deducting a tip credit that failed to comply with the tip credit requirements of the FLSA and

Florida law.

40.     Additionally, Defendants have failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. §211(c) and 29 C.F.R. §516.2(a)(7).

41.     Defendants' failure to keep accurate time and pay records casts the burden on Defendants to disprove the testimony of Plaintiff and all class members regarding the illegal deductions which they were subjected to by Defendants.

42.     At all times material to this Complaint, Defendants violated the FLSA and Fla. Const. Art. X § 24 by improperly taking the tip credit.  Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

43.     Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b) and Florida law, Plaintiff is entitled to recover all reasonable attorneys' fees and costs from Defendants.

44.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

45.     The claims under the Florida Constitution may be pursued by all similarly situated persons who choose not to opt-out of the state law sub-class pursuant to Fed. R. Civ. P. 23.

46.     The exact number of members of each class can be determined by reviewing Defendants' records. However, Plaintiff reasonably believe that there are over Fifty (50) or more eligible individuals in the defined class.

47.     Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in class action and employment litigation.

48.     Plaintiff has no interests that are contrary to, or in conflict with, the members of the class.

49.     A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

50.     A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA and the Florida Constitution.

51.     Further, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

52.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

      a.     Whether Defendants' employed servers within the meaning of the applicable statutes, including the FLSA;

      b.     Whether servers were uniformly, willfully and wrongfully paid the tipped minimum wage;

      c.     Whether Defendants failed to pay Plaintiff and members of the class all minimum wages owed to them;

      d.      Whether Plaintiff and the class members subjected to an illegal tip policy/practice of Defendants;

      e.      What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

      f.      Whether Defendants' failure to compensate Plaintiff and the Class Members at the applicable minimum wage rates was willful, intentional or done with reckless disregard.

53.      The relief sought is common to the entire class including, *inter alia:*

      a)      payment by the Defendants of actual damages caused by their failure to pay minimum wages pursuant to the FLSA and Florida Constitution;

      b)      payment by the Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the FLSA and Florida Constitution; and

      c)      payment by the Defendants of the costs and expenses of this action, including the attorneys' fees of Plaintiff's Counsel.

      d)      That Defendants cease and desist from their illegal tip policy/practice.

54.      Plaintiff's claims are typical of the claims of members of the class.  Plaintiff and members of the class have sustained damages arising out of the same wrongful and uniform employment policy of Defendants – to wit, the policy requiring servers to work at a reduced rate below the full minimum wage despite Defendants' failure to comply with the requirements of the law to obtain the benefit of a tip credit– in violation of the FLSA and the Florida Constitution.

55.     At the time of the filing of this Complaint, Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

56.     On March 3, 2020, Plaintiff issued Defendants a notice pursuant to Fla. Stat. §448.110 of Defendants' failure to pay the wages required by law to Plaintiff, a copy of which attached hereto as Exhibit A, and more than fifteen (15) days after Plaintiff's service of the Notice on Defendants but Defendants failed to make payment of the unpaid minimum wages due under Florida law and owing to Plaintiff.

### COUNT I
### MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)

57.     Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 through 56 as though fully stated herein.

58.     At all times material to this Complaint, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, under the FLSA.

59.     At all times material to this Complaint, Defendants employed Plaintiff and have continued to employ similarly situated servers.

60.     As set forth above, Defendants have at all times material to this Complaint and throughout the statute of limitations period in 2018, 2019, 2020, and 2021, utilized a policy and practice of requiring servers to work at a reduced rate below the full minimum wage despite Defendants' failure to comply with the requirements of the law to obtain the benefit of a tip credit, in violation of the FLSA.

61.      Defendants' policy and practice violates the FLSA's tip credit provisions.

62.     Defendants' failure to pay Plaintiff and other servers the full minimum wage is a violation of 29 U.S.C. §206.

63.     Because any notice provided to Plaintiff and Class Members regarding Defendants' intention to utilize a tip-credit and the amount thereof was required to have included a notice that tips would be shared and the amount of a tip credit, Defendants never provided Plaintiff or other similarly situated servers with proper notice required by the 29 U.S.C. §203(m), and its implementing regulations, and thus Defendants were not entitled to count any amount of Plaintiff's and other class members' tips toward satisfying Defendants' minimum wage obligation.

64.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

WHEREFORE, Plaintiff, IVAN HORTUA, on behalf of himself and those similarly situated, demand judgment, jointly and severally, against Defendants, INVERSIONES EL ATICO INC. and CAROLINA LEON PULGARIN, for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## VIOLATION OF THE FLORIDA MINIMUM WAGE ACT, F.S. §448.110

65.     Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 through 56 as though fully stated herein.

66.     At all relevant times to this Complaint, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, under the Florida Minimum Wage Act.

67.     At all relevant times to this Complaint, Defendants employed, and/or continue to employ Plaintiff and similarly situated servers.

68.     As set forth above, Defendants have throughout the applicable limitations period within the past five (5) years relating back to July 2016 and continuing through the present, had a policy and practice of: (a) failing to maintain records of all of the actual start times, stop times, number of hours worked each day, and total hours worked each week by servers as required by the law; and (b) Defendants' taking the tip-credit and not paying Plaintiff and other similarly situated servers at the minimum wage required by Florida law, for each and every hour worked for Defendants during one or more work weeks within the past five (5) years, in violation of the Florida Minimum Wage Act and the Florida Constitution and the Florida Constitution.

69.     Defendants' policy and practice violates the Florida Minimum Wage Act's requirements.

70.     Defendants' failure to pay Plaintiff and other servers the full minimum wage is a violation of the Florida Minimum Wage Act, F.S. §448.110.

71.     Defendants' illegal tip policy and practice in violation of the Florida are such that Defendants are not entitled to any benefit of the law's tip-credit provisions.

72.     The foregoing acts and conduct of Defendants, as alleged, constitutes a willful violation of the Florida Minimum Wage Act.

WHEREFORE, Plaintiff, IVAN HORTUA, on behalf of himself and those similarly situated, demand judgment, jointly and severally, against Defendants, INVERSIONES EL ATICO INC. and CAROLINA LEON PULGARIN, for unpaid minimum wages, liquidated damages in an amount equal to the unpaid minimum wages, reasonable attorneys' fees and costs incurred in this action, an Order requiring Defendant to cease and desist from its unlawful practice of paying servers

below the Florida Minimum Wage, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III**
**<u>VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, § 24</u>**

73.    Plaintiff realleges and reincorporates all allegations contained within Paragraphs 1 through 56 above as though fully stated herein.

74.    Plaintiff and those similarly situated servers are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendants within the past five (5) years continuing through the present.

75.    During their employment with Defendants, Plaintiff and those similarly situated servers, however variously titled, have not been paid by Defendants the minimum wage under Florida law of: $8.05/hour in 2016; $8.10/hour in 2017; $8.25/hour in 2018; $8.46/hour in 2019; $8.56/hour in 2020; and $8.65/hour in 2021.

76.    Defendants have willfully failed to pay Plaintiff and those similarly situated servers the full minimum wage for one or more weeks of work within the past five (5) years, contrary to Article X, Section 24 of the Florida Constitution.

77.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated servers have been damaged in the loss of minimum wages for one or more weeks of work with Defendants within the past five (5) years.

WHEREFORE, Plaintiff, IVAN HORTUA, on behalf of himself and those similarly situated, demand judgment, jointly and severally, against Defendants, INVERSIONES EL ATICO INC. and CAROLINA LEON PULGARIN, for unpaid minimum wages, liquidated damages in an amount equal to the unpaid minimum wages, reasonable attorneys' fees and costs incurred in this action, an Order requiring Defendants to cease and desist from its unlawful practice

16

of paying servers below the Florida Minimum Wage, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

78.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 56 above.

79.     Plaintiff is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for Defendants as a non-exempt server, however variously titled, in excess of Forty (40) hours per work week during the FLSA's statute of limitations period between July 2018 and December 2019.

80.     All similarly situated non-exempt servers, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the FLSA's three (3) year statute of limitations period between July 2018 and the present.

81.     Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt servers, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week in numerous work weeks within the FLSA's three (3) year statute of limitations period between July 2018 and the present.

82.     At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other non-exempt servers, however variously titled, with time and one-half wages for all of their actual overtime hours worked between July 2018 and the present based upon, *inter alia*, Defendants knowingly

failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

83.    By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

84.    Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt servers, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

85.    Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' overtime violations of the FLSA.

86.    Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, IVAN HORTUA and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, INVERSIONES EL ATICO INC. and CAROLINA LEON PULGARIN, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  July 6, 2021                    Respectfully submitted,

                        By:   **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379

Alberto Naranjo Jr., Esquire
Florida Bar No. 92923
E-mail:  an@anlawfirm.com
AN LAW FIRM, P.A.
7900 Oak Lane #400
Miami Lakes, Florida 33016-5888
Telephone: (305) 942-8070

Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Inversiones El Atico Inc. and Carolina Leon Pulgarin**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. and AN Law Firm, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Iván Hortua peña

**Ivan Hortua**

# EXHIBIT A



AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016
Tel: 305.942.8070
Email: admin@anlawfirm.com
Email: an@anlawFirm.com

March 3, 2020

**SENT VIA U.S. MAIL**
Inversiones El Atico, Inc.
*Registered Agent:*
Carolina Leon Pulgarin
1313 W Boynton Beach Blvd
Boynton Beach, FL 33426

**Re:  Pre- Lawsuit Notice for Unpaid Wages – Ivan  Hortua**

Greetings,

    We are writing this letter in regard to our client <u>Ivan Hortua</u> which worked for you all from <u>8/1/2015 - 12/17/2019</u>. As of this date, wages in the amount of <u>$ 88,264.40</u> are owed which include liquated damages and attorney fees. I request that payment be made in full within 15 business days from the date that this letter is received, or a lawsuit will be filed.

    Please send the payment to my attention at the above address ***payable to AN Law Firm***, P.A. If this request for wages owed becomes a legal matter, you will be held liable for additional attorney's fees and court costs related to our client hiring us to help them recover unpaid wages owed. You may also be required to pay a penalty in the form of additional funds and legal interest as required. Please see the Florida Minimum Wage Act (FL Stat. 448) and The Fair Labor Standards Act of 1938 29 U.S.C. § 203.

    If you believe that the amount owed is different than the amount described, you are required by law to pay the amount you believe is owed. The reason for the amount paid should be included with the payment.

    If you have insurance, you must give notice or coverage may be denied. Also, this is notice that you must preserve all employment records regarding our client as well as any proof surrounding termination/unpaid wages/denial of benefits.

Thank you,

Alberto Naranjo